United States District Court
Southern District of Texas
**ENTERED**
August 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 7:21-CR-1219 |
| | § | |
| AMANDA ZARAGOZA | § | |

## OPINION AND ORDER

This case comes before the Court originally on an appeal of the Magistrate Court's order setting conditions of release pending trial.

I      Brief Background

On May 18, 2021, Amanda Zaragoza ("Zaragoza") was arrested on a charge of drug trafficking.[1] Following a detention hearing, the Magistrate Court found that Zaragoza was eligible for release pending trial and set a bond with certain conditions of release.[2] Zaragoza was unable to meet the condition for a co-surety with sufficient non-exempt property and sought modification of the Magistrate Court's order.[3] After conducting a second hearing, the Magistrate Court denied modification of the initial order.[4] Zaragoza then appealed the Magistrate Court's order to this Court asking that this Court conduct its review based on the record before the Magistrate Court.[5] Before the Court ruled on the appeal, Zaragoza was indicted on four drug trafficking charges and she

---

[1] See Minute Entry dated May 18, 2021.
[2] See Minute Entry dated May 21, 2021.
[3] Dkt. No. 8.
[4] Dkt. No. 10.
[5] Dkt. No. 17.

has now pled guilty to Count Two of the Indictment.[6] Nonetheless, Zaragoza seeks release arguing that exceptional circumstances warranting release exist. She has filed a memorandum in support of her request.[7] The Government has not filed a response to either the initial appeal or the memorandum. The Court now considers Zaragoza's initial appeal as a request for release pending sentencing.

II      Applicable Law

Zaragoza has now been found guilty of importing a controlled substance in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1). This offense carries a mandatory minimum sentence of ten years imprisonment and a maximum of life. Accordingly, the provisions of 18 U.S.C. § 3143 now apply. As applicable here, § 3143((a)(2) provides that:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Section 3142(f)(1)(B) covers "an offense for which the maximum sentence is life imprisonment" and § 3142(f)(1)(C) covers "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21

---

[6] Dkt. No. 11 and Minute Entry dated July 29, 2021.
[7] Dkt. No 28.

U.S.C. 801 et seq.), [or] the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.)" Thus, Zaragoza's release or detention is governed by § 3143((a)(2).

At first blush then, it would appear that Zaragoza must be detained as she has been found guilty of an offense covered by Section 3142(f)(1)(B) & (C) and it is not likely that a motion for acquittal or new trial will be granted, nor that an attorney for the Government will recommend that no term of imprisonment will be imposed. However, Zaragoza cites to *United States v. Carr*, 947 F2d 1239 (5th Cir. 1991) wherein the Fifth Circuit found that 18 U.S.C. § 3145(c) applied to § 3143((a)(2) even upon initial consideration, not simply on appeal.[8] While there is debate among some courts whether this holding is correct, this Court is bound to follow it.[9]

In pertinent part, § 3145(c) provides "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Section 3143(a)(1) provides as follows:

> **(a) Release or detention pending sentence.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section

---

[8] Although the issue now before the Court started out as an appeal, it is now an initial determination since Zaragoza has now pled guilty and it is this Court first making the determination whether she should be detained or released.
[9] *United States v. Castro*, 2016 WL 3446660, at 3 (E.D. Pa. June 23, 2016) (Holding that "this Court may not consider Castro's argument for release for "exceptional reasons" pursuant to Section 3145(c)." and collecting cases.

>3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Therefore, if Zaragoza can show "by clear and convincing evidence that [she] is not likely to flee or pose a danger to the safety of any other person or the community as required by § 3143(a)(1) *and* "that there are exceptional reasons why [her] detention would not be appropriate" as required by § 3145(c) she may be released pending sentencing in accordance with section 3142(b) or (c).

## III    Analysis

Here, the Magistrate Court found that Zaragoza had rebutted the presumption of detention found in 18 U.S.C.A. § 3142[10] and that the imposition of certain conditions of release would assure Zaragoza's appearance at trial and provide for the safety of the community. With one exception regarding a change in Zaragoza's medical condition, this Court adopts those factual findings set out in the Magistrate Court's order dated June 14, 2021.[11] While the burden of proof on Zaragoza now is by clear and convincing evidence, this Court too finds that in her present state, Zaragoza is not likely to flee and that she does not present a danger to the community. The Court also accepts the representations made by counsel both in the initial appeal and at the re-arraignment regarding Zaragoza's

---

[10] See 18 U.S.C.A. § 3142(e)(3) providing that "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--

**(A)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46"

[11] For privacy reasons, the Court does not detail the one change in circumstances.

medical issues while detained and challenges in meeting her medical needs.[12] The Court further finds that Zaragoza's current medical condition and the challenges in meeting her medical needs constitute exceptional reasons why detention pending sentencing would not be appropriate.

IV    Conclusion

Accordingly, the Court **GRANTS** Zaragoza's request for release pending sentencing. As to the conditions of release, the Court refers the matter to the Magistrate Court to set conditions of release as deemed appropriate and in accordance with this order except that Zaragoza is not required to provide a co-surety with non-exempt assets sufficient to meet the bond amount. This is the only condition Zaragoza claimed she could not meet. However, the Court leaves to the Magistrate Court the discretion to set appropriate conditions that Zaragoza can meet for release pending sentencing, in accordance with this order.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 10th day of August, 2021.

_____
Micaela Alvarez
United States District Judge

---

[12] The Government has not voiced any objections to the representations regarding Zaragoza's medical condition.